DECISION AND JUDGMENT ENTRY JUDGMENT ENTRY
{¶ 1} Sam Barrett recently sought reconsideration of our decision affirming his conviction for possession of crack cocaine. See State v. Barrett, Scioto App. No. 03CA2889, 2004-Ohio-2064. We have agreed to reconsider our decision as to Barrett's third assignment of error. In that assignment of error, Barrett argued that the court failed to properly instruct the jury after learning that the jury was deadlocked. He argued that the court's supplemental jury instruction coerced the jury into returning a verdict. After a thorough review of the record, we conclude that our prior decision reaches the correct result. Specifically, we conclude that it was proper to address Barrett's argument under the plain error doctrine.
 {¶ 2} In May 2002, the grand jury indicted Barrett for possession of crack cocaine in excess of 100 grams in violation of R.C. 2925.11(A). Subsequently, the state filed a "substitute indictment." The substitute indictment was identical to the first except that it contained a major drug offender specification.
 {¶ 3} In March 2003, the trial court conducted a three-day trial. Jury deliberations began on the morning of the third day. After the jury had deliberated for four hours, it advised the court that it was hopelessly deadlocked. The court then gave the jury the following instruction: "The county and the state has gone to a considerable expense to try and get this done, plus the Court's docket is extremely crowded. I inherited a very, very busy docket, and I am trying to get it caught up. And, what I am asking you to do is, it is still early in the day and we have already invested a lot of money in this trial to try to get together and consult with one another in trying to reach the same resolution. A mistrial just simply means that we would have to bring in twelve more jurors to try the case again, and I would really rather you folks go back, consult with one another, listen to each other's stories, listen to what you believe is the strong points of the case and work it around and try and get this worked out. I would hate to release you, just to have to set another jury trial. O.K. So, if you will, I understand, it's a very difficult decision. It is a very difficult case. These are the kind of decisions we as judges have to do on a daily basis, and we don't get to say I am not going to make a decision because we wouldn't keep our job if that was the case. So you guys have become the judge today. I am going to ask you to, please, consult with one another and come to a conclusion. O.K. I am going to ask you to go back to the jury." Following the court's instruction, Barrett's counsel asked to approach the bench. Counsel informed the court that he thought the court should tell the jury "that they do not compromise." The court then stated to the jury: "All I am going to reiterate is to go over my jury instructions that I gave you earlier and it tells you about how to reach a conclusion and reach a decision in this case. I am not telling you to compromise your opinions solely to be congenial, but I am asking you to do, listen to each other and try to reach a conclusion to this case. Again, I as a judge accept the responsibility for making decisions on a daily basis. Now, you guys have become the judge, so try to come to a conclusion. O.K. Take them back to the jury room."
 {¶ 4} After further deliberations, the jury found Barrett guilty of possession of crack cocaine in excess of 100 grams. The trial court sentenced Barrett to twenty years in prison and Barrett appealed. In State v. Barrett, Scioto App. No. 03CA2889, 2004-Ohio-2064, we affirmed Barrett's conviction. Ten days later, Barrett filed a motion asking us to reconsider our opinion. In his motion, Barrett argued that we erred by finding that he did not object to the trial court's supplemental jury instruction. He argued that a plain error analysis was inappropriate since he did in fact object to the jury instruction. In June 2004, we granted Barrett's motion for reconsideration and permitted the parties to submit supplemental briefs. In his brief, Barrett raises the following assignment of error: "The trial court erred in failing to give proper jury instructions to the jury when informed they were hopelessly deadlocked."
 {¶ 5} Before considering the merits of Barrett's argument, it is necessary to determine whether he preserved this issue for appeal. In his motion for reconsideration, Barrett argues that he did object to the court's supplemental jury instruction. He calls our attention to the following statement made by the court after the jury's verdict: "First of all, before we go on with this I would like the record to reflect that Mr. Mearan objected to my final charge to the jury instructing them to go back and redeliberate." However, Barrett adopts a different approach in his supplemental brief. Relying on State v. Wolons (1989),44 Ohio St.3d 64, 541 N.E.2d 443, Barrett argues that he did not waive his objections to the court's charge despite his failure to formally object.
 {¶ 6} After deliberating for four hours, the jury advised the court that it was deadlocked. At that point, the court gave the supplemental jury instruction set forth above. When the court finished, Barrett's counsel asked to approach the bench. In a sidebar conference, counsel indicated that he thought it was important that the court inform the jurors "that they do not compromise." The court then gave the jurors additional instructions that contained a statement designed to address counsel's concern. The transcript does not indicate that Barrett objected after these additional instructions. Rather, the next item in the transcript is the jury's verdict. Immediately after the verdict, the court announced its intention to proceed with sentencing. The court then asked Barrett's counsel if there was anything he would like to say on his client's behalf. At that point, counsel asked to approach the bench and a sidebar conference occurred between counsel, the state, and the court. The court began the sidebar conference by stating: "First of all, before we go on with this I would like the record to reflect that Mr. Mearan objected to my final charge to the jury instructing them to go back and deliberate." The parties then went on to discuss a matter unrelated to the court's jury instruction.
 {¶ 7} In State v. Barrett, Scioto App. No. 03CA2889, 2004-Ohio-2064, we found that Barrett did not object to the court's supplemental jury instruction. It appears, however, that we were mistaken. The trial court's statement establishes that Barrett did in fact object to the instruction. Unfortunately, the court's statement fails to indicate when Barrett objected.
 {¶ 8} Civ.R. 30(A) provides that a party may not assign as error on appeal the giving of a jury instruction "unless the party objects before the jury retires to consider its verdict * * *." We have previously found that an appellant waives any error concerning the jury instructions when his objection to the instructions occurs after the jury has retired to deliberate. SeeConley v. Admr., Bur. of Worker's Comp. (Aug. 3, 1992), Lawrence App. No. 91CA17. See, also, Reitz v. Akron Aerie No.555 Fraternal Order of Eagles, 9th Dist. No. 20454, 2001-Ohio-1727 (Finding waiver where cross-appellants' objection to jury instruction was raised after the jury had retired.)
 {¶ 9} The trial court made sure that the record reflected the fact that Barrett objected to the supplemental jury instruction. However, Barrett failed to ensure that the record reflectedwhen he objected to the instruction. It is clear from the transcript that Barrett objected before the jury returned its verdict. What is not clear is whether he objected before the jury retired to consider its verdict. While it is possible that Barrett objected before the jury retired to deliberate, it is equally as possible that he objected after the jury retired to deliberate. Given the current state of the record, it is impossible for us to know when Barrett entered his objection.[1] Moreover, we cannot simply assume that Barrett objected before the jury retired to deliberate. As there is no indication in the record that Barrett objected to the instruction before the jury retired to deliberate, we conclude Barrett has waived all but plain error.
 {¶ 10} Barrett also relies on State v. Wolons (1989),44 Ohio St.3d 64, 541 N.E.2d 443, to support his argument that a plain error analysis was inappropriate. In Wolons, the Supreme Court of Ohio held: "A party does not waive his objections to the court's charge by failing to formally object thereto (1) where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and (2) the requesting party has been unsuccessful in obtaining the inclusion of that law in the trial court's charge to the jury." Wolons, 44 Ohio St.3d 64, paragraph one of the syllabus.
 {¶ 11} Under Wolons, the record must affirmatively show that the trial court was fully apprised of the correct law. Here, the record contains no such showing. There is no indication that counsel asked the court to give the suggested supplemental instruction set forth in State v. Howard (1989),42 Ohio St.3d 18, 537 N.E.2d 188, paragraph two of the syllabus. Rather, the only discussion concerning the instruction that appears in the record is counsel's request that the court inform the jury "that they do not compromise." This single statement does not constitute an affirmative showing that the trial court was fully apprised of the correct law.
 {¶ 12} Although we erred in finding that Barrett failed to object to the court's instruction, we conclude that the plain error analysis is still appropriate since there is no indication that Barrett's objection was timely. Therefore, we conclude that our prior decision reaches the correct result. Accordingly, we affirm Barrett's conviction based on the reasoning in State v.Barrett, Scioto App. No. 03CA2889, 2004-Ohio-2064.
JUDGMENT AFFIRMED.
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Dissents.
Abele, J.: Concurs in Judgment and Opinion.
[1] Attached to Barrett's reply brief is an affidavit from Barrett's counsel in which counsel states: "After the instruction was given and the jury was sent back to deliberate, affiant advised the court that the instruction was improper." However, this affidavit is not part of the record since it was never filed with the court below.